# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO M. MANGIAFICO,<br>　　　　Petitioner,<br>　v.<br>MICHAEL L. BENOV,<br>　　　　Respondent. | 1:12-CV-01151 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On July 13, 2012, Petitioner filed the instant petition for writ of habeas corpus. Petitioner states he was confined at a Residential Re-entry Center in accordance with the Second Chance Act of 2007 until February 12, 2012, when he tested positive for an illegal substance. As a result, he states he was given an incident report on February 23, 2012, and assessed a loss of good time credits. He claims the Bureau of Prisons violated his due process rights when it failed to abide by time constraints concerning the incident report. He requests restoration of the good time credits.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

1  S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th
2  Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack
3  a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181,
4  1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights
5  of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971)
6  *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464
7  (1937).

8      It appears the instant petition has become moot.  Petitioner states his release date was
9  June 19, 2012.  As a result of the incident report, his release date was moved to July 25, 2012.
10 Petitioner did not file his federal petition until July 13, 2012, and as of this date, his release date has
11 already passed.  Thus, no relief this Court could grant would accelerate his release.  Additionally, a
12 presumption of collateral consequences does not apply to prison disciplinary proceedings, and
13 Petitioner has not alleged collateral consequences sufficient to avoid dismissal on the ground of
14 mootness. Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir.2003).

15 **RECOMMENDATION**

16     Accordingly, the court HEREBY RECOMMENDS that this action be dismissed as moot.
17 This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States
18 District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) for the United States
19 District Court, Eastern District of California.  Within thirty (30) days after date of service of the
20 Findings and Recommendation, Petitioner may file written objections with the Court.  Such a
21 document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
22 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
23 Failure to file objections within the specified time may waive the right to appeal the District Court's
24 order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26     IT IS SO ORDERED.

27     Dated:   **July 31, 2012**                    **/s/ Gary S. Austin**
                                                                                UNITED STATES MAGISTRATE JUDGE
28